# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# EASTERN DIVISION

| | |
|---|---|
| DAVID R. TAFOYA, <br><br> Plaintiff, <br><br> v. <br><br> NANCY A. BERRYHILL, Deputy Commissioner for Operations, performing duties and functions not reserved to the Commissioner of Social Security, <br><br> Defendant. | Case No. ED CV 17-02402-DFM <br><br> MEMORANDUM OPINION AND ORDER |

David R. Tafoya ("Plaintiff") appeals the Commissioner's final decision denying his application for Social Security Disability Insurance Benefits ("DIB"). For the reasons discussed below, the Commissioner's decision is reversed and this matter is remanded.

## I. BACKGROUND

In 2014, Plaintiff filed an application for DIB alleging disability beginning on July 15, 2012. See Administrative Record ("AR") 137-43. After Plaintiff's application was denied at the initial and reconsideration levels, he requested a hearing before an Administrative Law Judge ("ALJ"). See AR 66, 79, 91-92. A hearing was held on November 22, 2016, at which Plaintiff, who

was represented by counsel, testified with the assistance of an interpreter. See AR 43-53. The ALJ also called a vocational expert ("VE") to testify about Plaintiff's past relevant work. See id. On December 13, 2016, the ALJ issued a decision finding that Plaintiff was not disabled. See AR 21-39.

The ALJ determined that Plaintiff had the severe impairment of thoracolumbar musculoligamentous strain. See AR 29. The ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform the full range of medium work as defined in 20 C.F.R. § 404.1567(c). See AR 32. The ALJ found that Plaintiff could not perform his past relevant work. See AR 37. Because Plaintiff's RFC allowed a full range of medium work, the ALJ considered Plaintiff's age, education, and work experience under the Medical-Vocational Guidelines and concluded that a finding of "not disabled" was warranted. AR 38.

The Appeals Council denied review of the ALJ's decision, which became the final decision of the Commissioner. See AR 1-9. Plaintiff then sought review by this Court. See Dkt. 1.

## II. DISCUSSION

The parties dispute whether the ALJ properly evaluated medical opinions from treating physician Dr. Elliot Gross and examining psychologist Dr. William Kaiser.[1] See Dkt. 18, Joint Stipulation ("JS") at 4-5, 16.

### A. Applicable Law

Three types of physicians may offer opinions in Social Security cases: those who treated the plaintiff, those who examined but did not treat the

---

[1] Although Dr. Kaiser referred to himself as a treating psychologist in the workers' compensation context, see AR 295-96, 558-59; the record shows that he evaluated Plaintiff only twice, see AR 295-314, 558-83; and Plaintiff characterizes him as an examining psychologist, see JS at 4, 17. Accordingly, the Court treats Dr. Kaiser as an examining physician.

plaintiff, and those who did neither. See 20 C.F.R. § 404.1527(c)[2]; Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995) (as amended). A treating physician's opinion is generally entitled to more weight than that of an examining physician, which is generally entitled to more weight than that of a nonexamining physician. See Lester, 81 F.3d at 830. When a treating physician's opinion is uncontroverted by another doctor, it may be rejected only for "clear and convincing reasons." Carmickle v. Comm'r, Soc. Sec. Admin., 533 F.3d 1155, 1164 (9th Cir. 2008) (citing Lester, 81 F.3d at 830). Where such an opinion is contradicted, the ALJ must provide only "specific and legitimate reasons that are supported by substantial evidence." Garrison v. Colvin, 759 F.3d 995, 1012 (9th Cir. 2014) (citation omitted). Moreover, "[t]he ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002); accord Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001). The weight accorded to a physician's opinion depends on whether it is consistent with the record and accompanied by adequate explanation, the nature and extent of the treatment relationship, and the doctor's specialty, among other things. See 20 C.F.R. § 404.1527(c)(2)-(6).

---

[2] Social Security Regulations regarding the evaluation of opinion evidence were amended effective March 27, 2017. Where, as here, the ALJ's decision is the final decision of the Commissioner, the reviewing court generally applies the law in effect at the time of the ALJ's decision. See Lowry v. Astrue, 474 F. App'x 801, 804 n.2 (2d Cir. 2012) (applying version of regulation in effect at time of ALJ's decision despite subsequent amendment); Garrett ex rel. Moore v. Barnhart, 366 F.3d 643, 647 (8th Cir. 2004) ("We apply the rules that were in effect at the time the Commissioner's decision became final."). Accordingly, the Court applies the version of 20 C.F.R. § 404.1527 that was in effect at the time of the ALJ's December 2016 decision.

## B. Relevant Factual Background

### 1. Physical Impairment

Dr. Gross was Plaintiff's treating physician from October 2012 to September 2016. See AR 333-467, 541-55. In connection with Plaintiff's workers' compensation application, Dr. Gross initially assessed Plaintiff as "temporarily totally disabled" ("TTD") and indicated that Plaintiff should remain "off-work."[3] AR 343, 387, 391. During the treatment period, Dr. Gross intermittently restricted Plaintiff from work, see AR 343, 387, 391, 459, 549-50, and found Plaintiff could return to modified work but was TTD if no "light work" was available, AR 345-47, 357, 364-65, 375-77, 381, 410-13, 427, 431-33, 438-40, 447-48, 455, 555. From May 2013 to September 2014, Dr. Gross consistently specified that Plaintiff was restricted from lifting in excess of 35 pounds. See AR 345-47, 357, 364-65, 375-77, 381, 410-11. In September 2016, Dr. Gross restricted Plaintiff from lifting in excess of 40 pounds and from using either arm at or above shoulder height. See AR 555.

In September 2014, consultative examiner Dr. Vincente Bernabe opined that Plaintiff could lift and carry 50 pounds occasionally and 25 pounds frequently, could sit and stand or walk for 6 hours each in an 8-hour day, and could frequently walk on uneven terrain, climb ladders, work at heights, bend, crouch, stoop, and crawl. See AR 277-78. State reviewing physician Dr. Phillips assessed the same limitations for lifting, carrying, sitting, standing, and walking, and restricted Plaintiff to frequent stooping, crouching, and crawling.

---

[3] Under California workers' compensation law, the term "temporarily totally disabled" refers to an individual who is "totally incapacitated and unable to earn any income" while recovering from the effects of a workplace injury. Rivera v. Berryhill, No. 17-07081, 2018 WL 3740675, at *2 n.3 (C.D. Cal. Aug. 3, 2018) (citation omitted); see also Rissetto v. Plumbers & Steamfitters Local 343, 94 F.3d 597, 600, 605 (9th Cir. 1996).

See AR 62-63. State reviewing physician Dr. Berry affirmed Dr. Phillips's findings. See AR 75-76.

In formulating the RFC, the ALJ relied on the opinions of Drs. Bernabe, Berry, and Phillips, which he found "consistent with the overall medical evidence of record." AR 35-36. Although the ALJ detailed various findings from Dr. Gross, he did not explicitly evaluate his opinion. See AR 34-36. Instead, the ALJ noted broadly that conclusions of TTD and "off work" in the workers' compensation context had "little probative value" as they were "not determinative" of disability under the Social Security Act, and therefore were "not entirely relevant" to Plaintiff's DIB application.[4] AR 36.

### 2. Mental Impairment

In connection with Plaintiff's application for workers' compensation, Dr. Kaiser conducted a psychological evaluation of Plaintiff, summarizing his findings in a report dated August 5, 2015. See AR 558-83.[5] Dr. Kaiser diagnosed Plaintiff with major depressive disorder, generalized anxiety disorder, and psychological factors affecting medical condition. See AR 574-75. In assessing Plaintiff's functional capabilities, Dr. Kaiser found marked impairments in social functioning and adaptation, denoting impairment levels that "significantly impede useful functioning." AR 577-78. Dr. Kaiser assessed moderate impairments in activities of daily living and in concentration,

---

[4] The ALJ also assigned little weight to the opinion of Dr. Zenia Cortes, who examined Plaintiff in connection with his workers' compensation application. See AR 36, 233-72.

[5] The record also contains a psychological report from Dr. Kaiser dated January 2, 2015, which assessed Plaintiff as TTD "on a combined physical and psychological basis" because Plaintiff was "too beset by pain and disability, and too depressed, anxious, withdrawn and overwhelmed to work." AR 307. Because Plaintiff does not reference this report, see JS at 16-18, 22-23, the Court focuses its analysis on the August 2015 report.

persistence, and pace, denoting impairments "compatible with some, but not all, useful functioning." Id. Dr. Kaiser's findings reflected "an overall marked degree of permanent mental and behavioral impairment." AR 579-80.

In October 2014, consultative examiner Dr. Earbin Stanciell conducted a psychiatric evaluation of Plaintiff. See AR 281-84. Aside from notations of episodic suicidal thoughts and anxious mood and affect, Dr. Stanciell's findings were mostly unremarkable. See AR 282-83. Dr. Stanciell opined that Plaintiff "would have no limitations performing simple and repetitive tasks" or "detailed and complex tasks," and could accept instructions from supervisors and interact with coworkers and the public, but would have "mild limitations completing a normal workday or work week due to his mental condition." AR 284. Dr. Stanciell also opined that Plaintiff could perform work activities on a consistent basis without special or additional supervision and could handle the usual stresses, changes, and demands of gainful employment. See id.

State reviewing psychologist Dr. Kim Morris assessed mild restriction in activities of daily living, mild difficulties in maintaining social functioning and maintaining concentration, persistence, or pace, and no repeated episodes of decompensation. See AR 60-61. Dr. Morris concluded that Plaintiff's mental impairment was non-severe. See AR 60. State reviewing physician Dr. Morgan affirmed Dr. Morris's findings on reconsideration. See AR 73.

In step two of the analysis, the ALJ determined that Plaintiff's mental impairment of depressive disorder was non-severe because it did not cause more than minimal limitations in Plaintiff's ability to perform basic mental work activities. See AR 30. In so finding, the ALJ relied on the opinions of Drs. Stanciell, Morris, and Morgan, which he found "consistent with the longitudinal evidence of record." AR 30. The ALJ assigned "little weight" to Dr. Kaiser's opinion, reasoning that conclusions of TTD or marked impairment made in the workers' compensation context were "not entirely

relevant" to Plaintiff's application under the Social Security Act."[6] AR 31.

## C. Analysis

Plaintiff contends that the ALJ failed to articulate specific and legitimate reasons for rejecting or discounting the opinions of Drs. Gross and Kaiser. See JS at 15-18. The Court agrees.

That terms used in the workers' compensation context may not be relevant to a finding of disability under the Social Security Act was not a sufficient basis to reject or discount these two medical opinions.[7] See Booth v. Barnhart, 181 F. Supp. 2d 1099, 1105 (C.D. Cal. 2002) ("[T]he ALJ may not disregard a physician's medical opinion simply because it was initially elicited in a state workers' compensation proceeding, or because it is couched in the terminology used in such proceedings."). To be sure, an ALJ is not bound to accept or apply a workers' compensation physician's status designation, such as temporary total disability, because such terms of art are "not equivalent to Social Security disability terminology." Dawson v. Colvin, No. 14-00018, 2014 WL 5420178, at *5 (C.D. Cal. Oct. 23, 2014) (citing Desrosiers v. Sec. of Health & Human Servs., 846 F.2d 573, 576 (9th Cir. 1988)). Likewise, a doctor's opinion on the ultimate disability determination is not entitled to any

---

[6] The ALJ also gave little weight to Dr. Thomas Curtis's opinion, which found severe mental limitations in several functional areas. See AR 31, 655-60.

[7] As Plaintiff notes, the ALJ did not explicitly address Dr. Gross's lifting or reaching limitations. See JS at 15. To the extent that the ALJ ignored these limitations rather than rejecting them with the remainder of Dr. Gross's opinion, the ALJ erred. See 20 C.F.R. § 404.1527(e)(2); SSR 96-8p, 1996 WL 374184, at *7 ("The RFC assessment must always consider and address medical source opinions. If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted."). Moreover, any such error was not harmless. See Marsh v. Colvin, 792 F.3d 1170, 1173 (9th Cir. 2015) (holding that ALJ's silent disregard of medical opinion was not harmless error).

special significance. See SSR 96-5p, 1996 WL 374183, at *1 (providing that "treating source opinions on issues reserved to the Commissioner are never entitled to controlling weight or special significance"). Nevertheless, the ALJ was not permitted to reject or discount these opinions merely because a workers' compensation determination is not controlling on the ultimate issue of disability. See Franco v. Colvin, No. 12-01267, 2014 WL 790912, at *18 (E.D. Cal. Feb. 26, 2014); see also Daniel v. Berryhill, No. 16-00651, 2017 WL 4082368, at *3 (C.D. Cal. Sept. 13, 2017) ("[M]erely because a treating or examining doctor opines that a plaintiff is disabled is not a permissible reason to reject that opinion.").Therefore, the ALJ erred by failing to provide any specific and legitimate reasons for rejecting or discounting these opinions.

The Commissioner asserts that the medical evidence supported the ALJ's RFC finding, and that the "short span of treatment" for Plaintiff's mental impairment and Plaintiff's positive response to treatment supported the step two finding. JS at 10-15, 19. Even if the Court were inclined to agree, the ALJ did not articulate these reasons in rejecting or discounting these two medical opinions, and therefore the Court may not rely on them to affirm the ALJ's decision. See Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1225 (9th Cir. 2009) ("Long-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and actual findings offered by the ALJ—not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking.").

Moreover, the ALJ's failure to provide specific and legitimate reasons for rejecting or discounting these opinions was not harmless. Harmless error exists where it is "clear from the record that an ALJ's error was 'inconsequential to the ultimate nondisability determination.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 885 (9th Cir. 2006) (quoting Stout v. Comm'r, Soc. Sec. Admin., 454 F.3d 1050, 1055 (9th Cir. 2006)). Because the Court cannot

conclude that these two opinions would not have changed the ultimate disability decision, the ALJ's errors were not harmless.

### D. Remand Is Warranted

The decision whether to remand for further proceedings is within this Court's discretion. See Harman v. Apfel, 211 F.3d 1172, 1175-78 (9th Cir. 2000). Where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. See id. at 1179 (noting that "the decision of whether to remand for further proceedings turns upon the likely utility of such proceedings"); Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004).

A remand is appropriate, however, where there are outstanding issues that must be resolved before a determination of disability can be made and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated. See Bunnell v. Barnhart, 336 F.3d 1112, 1115-16 (9th Cir. 2003); see also Garrison, 759 F.3d at 1021 (explaining that courts have "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act."). Here, remand is appropriate for the ALJ to properly evaluate the physicians' opinions and conduct such other proceedings as are warranted.

### III. CONCLUSION

For the reasons stated above, the conclusion of the Social Security Commissioner is reversed and the action is remanded for further proceedings.

Date: February 25, 2019

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge